## OSBORN, Estate of, In re.

Probate Court, Lorain County.

No. 28723. Decided October 23, 1951.

J. M. Burtch, Jr., Asst, Atty. Genl., Columbus, for Tax Commission.

Hyman & Hyman, Elyria, for National Holiness Missionary Society.

## OPINION

By THOMSON, J.

This cause came on to be heard on the exceptions of the National Holiness Missionary Society to the assessment of the Inheritance Tax in the sum of eight thousand four hundred seventeen dollars and thirty-one cents ($8,417.31) as a residuary legatee under the will of Helen S. Osborn, deceased. The exceptor claims the succession is exempt from tax.

A hearing was held on the 25th day of July, 1951, at which time testimony was introduced and the matter submitted to

the Court. Extensive briefs were also filed on behalf of the National Holiness Missionary Society as well as on the behalf of the Department of Taxation. The authority under which said National Holiness Missionary Society claims exemption from inheritance tax is found in §5334 GC, the part thereof which is applicable is as follows:

"Property passing to state, etc., not subject to tax.—The succession to any property passing to or for the use of the state of Ohio, or to or for the use of a municipal corporation or other political subdivision thereof for exclusively public purposes, or public institutions of learning within this state, or institution of learning within any state of the United States which state does not impose an inheritance, estate or transfer tax on property given, devised or bequeathed by a resident thereof to an institution of learning within this state, or to or for the use of an institution for purposes only of public charity, carried on in whole or in substantial part within this state, shall not be subject to the provisions of the preceding sections of this subdivision of this chapter."

The exceptor, National Holiness Missionary Society, claims to be an institution of learning within the meaning of said section; whereas, the Department of Taxation claims said exceptor is not an institution of learning within the meaning of said section. Said exceptor, National Holiness Missionary Society, relies largely upon the case of **Bettman, ex Tax Commissioner, v. The American Missionary Association, 12 Abs, 13,** a decision rendered in 1932 by the Court of Appeals for Lake County. The Department of Taxation, on the other hand, relies largely on the Supreme Court Case, **In re Estate of Taylor, 139 Oh St, 417,** decided by said court in 1942.

In the case of Bettman, ex Tax Commissioner, v. The American Missionary Association, supra, the court found the American Missionary Association to be an institution of learning under the Ohio exemption statute. In the other case, In re Estate of Taylor, supra, the court found the American Bible Society was not an institution of learning under the Ohio exemption statute. Thus, despite the holding in these two cases, the interpretation of an "institution of learning" under the Ohio exemption statute is still highly debatable.

It is interesting to note that the New York statute on exemptions as cited in the American Missionary Association case, supra, this language is used: "* * * or to any religious, educational, charitable, missionary, benevolent, hospital or infirmary, corporation wherever incorporated, * * *." The Illinois statute on exemptions as cited in exceptor's brief likewise uses the following language: "* * * and hospital, religious,

educational, bible, missionary, tract, scientific, benevolent or charitable purpose, * * *."

In both New York and Illinois the language is clear, and the exceptions to an inheritance tax are many. On the other hand, the Ohio statute has limited its exceptions to inheritance tax to a few. This court must, therefore, take the view that the legislature intended to exempt only institutions of learning as such and cannot be interpreted to exempt those institutions where the educational purpose is secondary or related to the primary purpose for which the organization was formed.

In determining whether a gift to a corporation is entitled to exemption, it is a fundamental rule that the charter of the corporation is the proper source of information as to its character. The purpose clause of the articles of corporation of the National Holiness Missionary Society provides as follows:

(1) "The object for which it is formed is and shall continue to be to spread Scriptural holiness to the uttermost parts of the earth by establishing, maintaining and conducting Missions and Missionary work of every kind and character in foreign lands, and all other forms of Christian service as the development of the work may require, in harmony with doctrinal, ethical and spiritual standards of the National Association for the Promotion of Holiness."

The constitution of said objector further reads as follows:

(2) "The object of this organization shall be to establish, maintain, and conduct inter-denominational missions and missionary work at home and in foreign lands, to spread scriptural holiness largely through a properly qualified national ministry. To this end departments of evangelistic, medical, educational, industrial, and such other forms of service as required may be developed, making all other forms subservient to the evangelistic emphasis."

In the opinion of the Court, the National Holiness Missionary Society is not an institution of learning within the meaning of the Ohio statute. The principal object of the organization is that of supporting missions. All other objectives are secondary; or as the constitution sets forth, "subservient to the evangelistic emphasis."

The right to exemption from taxation must not depend upon doubtful construction of the language used in the statute. There is no presumption of exemption from taxation because the institution claims to be an institution of learning. Clearly in this case, the National Holiness Missionary Society was formed for the purpose of spreading scriptural holiness to the uttermost parts of the earth. As a part of that work, it did

carry on educational and other related work. The National Holiness Missionary Society is, in this Court's opinion, a religious organization and does not qualify for exemption from inheritance tax as an institution of learning. The exceptions must, therefore, be overruled. An entry may be drawn accordingly.